Robertson, Ch. J.
This, is a motion, on behalf of the "plaintiff, for leave to except to certain sureties, accepted by the sheriff of the city and county of Eew York, as bail for the defendant: By a mistake of the clerk of the attorney for the plaintiff, an exception was only served on the attorney for the defendant, and the omission is excusable if the court, has any power to relieve the plaintiff. The Code provides that “ the plaintiff", within ten days ” after service of a copy of the undertaking on him, “ may serve upon the sheriff a notice that he does not accept the bail, or he shall be deemed to have accepted, it, and the sheriff shall be exonerated from all liability.” (§ 192.) This is a clear and positive exemption, by statute, of the sheriff from all liability after ten days from the time of serving a copy of the undertaking, and the court has'no power to restore it, unless by some positive statute. The 405th section of the ' Code provides that “ the time within which any proceeding in an action must be had, after its commencement, (except the time within which an appeal múst be taken,) may be enlarged upon an affidavit;” while an answer or reply may be allowed “to be made, or other act to be done, after the time limited ” by the Code for doing it. (§ 174.) This, however, has been held not to apply where application *619 must be made to the court for relief within a given time. (Coon v. Knapp, 13 How. 175. Van Benthuysen v. Lyle, 8 id. 312.) In such a case as that before me, the plaintiff is allowed ten days in which to except, and the sheriff is only discharged in case of his failure to do so in that time. This appears to me to be an act to he done within a limited time, and must come within the' 174th section of the Code. If the sheriff has been prejudiced by the neglect, that is a matter to be shown in opposition to the motion, in influencing the discretion of the court. It is true the sheriff is not a party to the action, but a mere officer, and that excepting to bail is not strictly a proceeding in it, but affects only a collateral, provisional remedy. But the words of the Code are general, u any other act to he done,” and the time limited by it, and there seems to be room for an exception. With some hesitation, therefore, I must pronounce in favor of granting the plaintiff the favor asked, on condition of paying $10 costs to the attorney for the sheriff, and giving notice within five days after knowledge of this decision, without prejudice to any right of the sheriff to set up such neglect to except in any action against him.